In re TECHNO PRODUCTS, INC., Debtor.

Saul EISEN, Successor Trustee in Bankruptcy, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Bankruptcy No. B88–00232.
Adv. No. B90–1346.

United States Bankruptcy Court, N.D. Ohio.

May 8, 1991.

Enid Kushner, Cleveland, Ohio, for Saul Eisen, Successor Trustee.

Ari H. Jaffee, Dinn, Hochman, King & Melamed, Mayfield Heights, Ohio, for claimants, Aneck Harold Green and Gus F. Estrate.

## MEMORANDUM OF OPINION

DAVID F. SNOW, Bankruptcy Judge.

This chapter 11 proceeding was filed on January 27, 1988. The business was operated for a year and a half by the Debtor as debtor in possession. Subsequently on June 30, 1989 Philip Zimmerman was appointed trustee; he was succeeded on May 11, 1990 by Saul Eisen. Shortly thereafter Mr. Eisen concluded that the Debtor could not be reorganized as a going concern and that its business should be sold. Consistent with that decision, the trustee on November 7, 1990 filed a complaint to determine the validity, priority and extent of liens and a notice of his intent to sell at private sale.

Aneck Harold Green and Gus Estrate, former employees of the Debtor, objected to the sale and to the complaint on the ground that they were secured creditors of the Debtor and were owed substantial moneys. On December 20, 1990 the Court ordered the property sold and the liens transferred to the proceeds of that sale.

The Debtor contends that Messrs. Green and Estrate (collectively the "Employees") are not secured creditors because they failed to perfect the security interests allegedly granted to them by the Debtor prior to its initiation of this chapter 11 proceeding. At the December pretrial it was agreed by the parties (and the Internal Revenue Service—the paramount secured creditor) that the Employees' status as secured or unsecured appeared to depend on whether their failure to file financing statements with the Secretary of State of Ohio was fatal to their claim as secured creditors; the parties agreed to submit the matter on briefs.

### Discussion

Harold Green worked for the Debtor as a commission salesman and was owed some $47,000 evidenced by three promissory notes at the time that his employment ceased shortly before the chapter 11 filing. According to the Employees' brief, these three notes were "each secured by a Uniform Commercial Code Financing Statement providing a name, address and signature of the Debtor and Creditor as well as the following description of the collateral: '[a]ll corporate assets to the amount of [the amount of each particular debt].'" Mr. Estrate was also employed by the Debtor. His employment continued until terminated in connection with Mr. Eisen's sale of the business. His claims also arise out of unpaid salary and are evidenced by the Debtor's promissory notes and by financing statements substantially identical to those of Mr. Green. Each of the Employees' financing statements was duly filed for record with the Recorder for Cuyahoga County, but no filing was made with the Secretary of State of Ohio.

According to Ohio Revised Code section 1309.38(A)(4) (U.C.C. § 9–401), the proper place to file a financing statement is "in the office of the Secretary of State and, in addition, if the debtor has a place of business in only one county of this state, also in the office of the county recorder of such county,...." The Employees suggest that their failure to file with the Secretary of State of Ohio was not fatal because section 1309.38(B) provides:

A filing which is made in good faith and in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of sections 1309.01 to 1309.50 of the Revised Code, and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement.

The first prong of this exception provides the Employees no help, however. Filings with the county recorder alone are sufficient in respect of certain equipment and personal property relating to farm products or farming operations and to consumer goods. (See O.R.C. § 1309.38(A)(1)–(3)). However, Debtor was a manufacturing concern and there is no suggestion that any of its assets were of a character that precluded the need for an additional filing with the Secretary of State of Ohio under section 1309.38(A)(4) of the Ohio Revised Code.

█ The Employees' other argument is that the Debtor had knowledge of the filings and of the Employees' security interest. However, the Debtor's knowledge cannot be imputed to the trustee either under the Bankruptcy Code or under the Uniform Commercial Code. Section 544(a) of the Bankruptcy Code provides that:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

This language requires the Court to avoid an unperfected security interest at the trustee's request without regard to the Debtor's knowledge or the Employees' reliance upon the Debtor to have properly perfected their interests. The trustee is a representative of all creditors; the thrust of the Bankruptcy Code is to treat creditors equally and unsecured unless their claimed security interests are fully perfected without regard to other equitable considerations. Section 1309.20 of the Ohio Revised Code (U.C.C. § 9–301) expressly provides that an unperfected security interest is subordinate to the right of a lien creditor, which includes "a trustee in bankruptcy from the date of the filing of the petition." O.R.C. § 1309.20(A) and (C).

█ But even if the Employees' failure to file their financing statements with the Secretary of State were not fatal, it appears doubtful that their papers created a valid security interest under Ohio law. It appears that there was no security agreement as distinguished from the financing statements described above. According to *Silver Creek Supply v. Powell*, 36 Ohio App.3d 140, 521 N.E.2d 828 (1987) a financing statement may not serve as a security agreement. Under this authority no security interest was ever created. But even if that hurdle were surmounted, it has been held generally that language such as that used in the Employees' financing statements is inadequate to create a valid security interest. In *In re Swanson*, 104 B.R. 1 (Bankr.C.D.Ill.1989), the court noted that a description of the purported collateral as "all personal property" was plainly insufficient under section 9–110 of the Uniform Commercial Code (O.R.C. § 1309.08). Likewise, "all corporate assets" which appears in these financing statements is too general to reasonably identify the purported collateral.

Therefore, it appears that the Employees' security interests, if any, in the debtor's assets were not perfected and are not enforceable against the Debtor's trustee. Consequently, the Employees have no secured interest in the proceeds of the sale of those assets. The Court's order in conformity with this opinion is attached.

### ORDER

A memorandum of opinion having been entered on the issues presented in the Complaint and the Answers of Aneck Harold Green and Gus F. Estrate, and in accordance with that opinion,

IT IS ORDERED, ADJUDGED, and DECREED that the claims of Aneck Harold Green and Gus F. Estrate be, and they hereby are, determined to be unsecured.